### George Bodner v. The State.

No. 11127.　Delivered December 14, 1927.

**Fishing on Premises of Another Without Permission—Evidence Insufficient.**

To constitute an offense under Art. 1377, P. C. 1925, it must be shown that the accused not only fished in waters of another without permission, but that fish was caught or taken from the pond, lake or stream. The state having failed to establish that appellant did catch fish, the evidence is insufficient, and the cause must be reversed.

Appeal from the County Court of Palo Pinto County. Tried below before the Hon. E. L. Pitts, Judge.

Appeal from a conviction for fishing in waters on the enclosed land of another without permission, penalty a fine of $10.00.

The opinion states the case.

*P. C. Sanders* of Strawn, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

MORROW, Presiding Judge.—Appellant was charged with an offense against the game law of the state, punishment fixed at a fine of ten dollars.

The prosecution is under Art. 1377, P. C., 1925, which declares in substance that one entering upon the "inclosed land of another without the consent of the owner * * * and therein hunt with firearms or therein catch or take any fish from any pond, lake, tank or stream, or in any other manner depredate upon the same, shall be fined," etc.   The information charges that appellant went upon the inclosed land of the owner and "did then and there depredate upon said property and did then and there fish in the No. 3 mine tank."   The evidence shows that the appellant went upon the premises and fished with a pole and line, but it fails to show that he caught any fish.   It is manifest that the only depredation relied upon is that of fishing.   It is believed that under the statute, fishing does not constitute an offense unless fish be caught or taken from the pond, lake or stream.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*